

FILED

JUL 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; JOHN L. SUSOTT, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> LAURYN GALINDO, <br><br> Defendant-Appellant. | No. 19-15537 <br><br> D.C. No. 1:16-cv-00450-LEK-RLP District of Hawaii, Honolulu <br><br> ORDER |

Before:  NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

The first sentence on page 2, paragraph 2 of the Memorandum Disposition filed on July 9, 2021, is amended to read as follows: "Although she does not contest for purposes of this appeal whether the transfer was fraudulent, Galindo asserts that the district court should have entered judgment in her favor on two threshold grounds."  With the concurrently filed amended memorandum, the panel unanimously votes to deny the petition for panel rehearing.

The petition for rehearing is **DENIED**.  No further petitions may be filed.

NOT FOR PUBLICATION

FILED

JUL 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; JOHN L. SUSOTT,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>LAURYN GALINDO,<br><br>Defendant-Appellant. | No.   19-15537<br><br>D.C. No.<br>1:16-cv-00450-LEK-RLP<br><br>AMENDED<br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted July 7, 2021**
Honolulu, Hawaii

Before:  NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In 2010, Daniel Susott transferred a property in Princeville, Hawaii to his close friend Lauryn Galindo for little or no consideration. Plaintiffs Evan Auld-Susott and John Susott[1] sued Galindo, seeking to void the transfer as a fraudulent attempt by Daniel to evade debts he owed them. The district court found that the transfer was fraudulent and voided it pursuant to the Hawaii Uniform Fraudulent Transfer Act ("HUFTA"). Galindo appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

Although she does not contest for purposes of this appeal whether the transfer was fraudulent, Galindo asserts that the district court should have entered judgment in her favor on two threshold grounds. First, she argues that Plaintiffs have no remedy under HUFTA because they are not "creditors" within the meaning of the statute. *See* Haw. Rev. Stat. § 651C-7 (providing remedies only for creditors). Second, she argues that Plaintiffs brought this suit after the expiration of the statute of limitations. *See id.* § 651C-9(1). We reject both arguments and affirm the district court's judgment.

1. Plaintiffs contend that they are Daniel's creditors because two California state courts have entered judgments in their favor against Daniel, which remain unsatisfied. Galindo, however, cites a subsequent settlement agreement between

---

[1] Evan is a Plaintiff solely in his capacity as a trustee for two family trusts, while John is a Plaintiff solely in his individual capacity.

Plaintiffs and Daniel that, according to her, extinguished those judgment debts by precluding Plaintiffs from seeking any relief from Daniel.

The unambiguous language of the settlement agreement refutes Galindo's interpretation. The agreement explicitly preserves Plaintiffs' right to bring a lawsuit about the Princeville property and provides that any resulting judgment "shall be credited to the respective [California state court] case judgments against Daniel." This language unambiguously confirms that the agreement preserves Plaintiffs' status as creditors for the debts arising from the California state court judgments, at least to the extent of any recovery in this case. Adopting Galindo's interpretation of the contract would render this clause superfluous and nonsensical, which we must avoid. *See* Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable[.]"); *see also, e.g.*, *In re Tobacco Cases I*, 111 Cal. Rptr. 3d 313, 318 (Ct. App. 2010). We therefore affirm the district court's conclusion that the settlement agreement did not extinguish Daniel's judgment debts.[2]

2. Galindo further argues that John, in his individual capacity, is not a

---

[2] Because the plain language of the settlement agreement is unambiguous, we need not consider the statements made by Plaintiffs that Galindo offers to support her contrary interpretation. *See* Cal. Civ. Code § 1639. Even if we did consider extrinsic evidence, however, our conclusion would remain the same. In context, the statements on which Galindo relies clearly reflect Plaintiffs' consistent understanding that the agreement preserves their right to pursue relief in this action.

proper plaintiff. She interprets various record evidence[3] as stating that John's judgment debt is held only by a trust and not by John as an individual. We express no view on this interpretation of the record because, as the district court explained, whether Galindo is correct does not affect the outcome.

John is the beneficiary of the trust Galindo believes holds the relevant judgment debt. A trust "divid[es] legal and equitable interest in the trust property" between the trust itself and the beneficiary, respectively. *Coon v. City & County of Honolulu*, 47 P.3d 348, 375 (Haw. 2002). As the trust beneficiary, John holds an equitable interest in the judgment debt, even if the trust itself holds the entire legal interest in that debt.

That equitable interest is sufficient to preserve John's right to sue. As the district court held, HUFTA expressly recognizes that a creditor's right to payment may be legal or equitable. Haw. Rev. Stat. § 651C-1 (defining a creditor's "claim" as any "right to payment, whether or not the right is . . . legal, [or] equitable"). Thus, even assuming that the trust is the sole holder of the debt, John remains a "creditor" because he has an equitable right to payment.[4]

3. The district court correctly held that Plaintiffs' suit is timely. HUFTA permits suit within one year of a creditor's discovery of the fraudulent nature of a

---

[3] Galindo's motion to supplement the record on appeal (Dkt. 42) is granted.
[4] Given this holding, we have no occasion to resolve Galindo's challenges to the district court's evidentiary rulings.

4

transfer.  *Schmidt v. HSC, Inc.*, 319 P.3d 416, 427 (Haw. 2014); *see also* Haw. Rev. Stat. § 651C-9(1).  "[A]ctual knowledge of the fraud is inferred if the aggrieved party, through the exercise of due diligence, could have discovered it." *Schmidt v. HSC, Inc.*, 452 P.3d 348, 358 (Haw. 2019) (citation and alteration omitted).  Whether a plaintiff exercised reasonable diligence is a question of fact. *See id.* at 354, 357 (explaining that the Hawaii intermediate appellate court so held, and that this decision "accurately discusse[d] the current jurisprudence" regarding the statute of limitations).  After a bench trial, the district court found "that Plaintiffs acted with reasonable diligence."  The record evidence supports this finding.

Nonetheless, Galindo highlights Evan's earlier "suspicions" about the transfer of the Princeville property.  Citing a single case from the Hawaii Supreme Court, she argues that these "suspicions" triggered a duty to investigate, which caused the one-year deadline to expire before Plaintiffs filed this suit.  *See Ass'n of Apartment Owners of Newtown Meadows ex rel. Bd. of Dirs. v. Venture 15, Inc.*, 167 P.3d 225, 274 (Haw. 2007).  That case, however, only confirms that the evaluation of a party's diligence is entrusted to the factfinder.  *See id.* at 273-74.  While Evan's "suspicions" might be relevant to whether he acted with reasonable diligence, *see id.* at 274, they do not demonstrate that the district court's factual

5

findings are clearly erroneous.  Accordingly, we affirm the district court's conclusion that this suit was timely.

**AFFIRMED.**